UNITED STATES of America, Plaintiff,

v.

Harrison Richard KING, Defendant.

No. 93–30010.

United States District Court, C.D. Illinois, Springfield Division.

May 6, 1994.

Jeff Justice, Decatur, IL, for plaintiff.

David E. Risley, Asst. U.S. Atty., Springfield, IL, for defendant.

*MEMORANDUM OPINION*
*AND ORDER*

RICHARD MILLS, District Judge:

Trial of a Springfield "drug lord."

Jury verdict: Guilty—on all counts.

Before the Court: motion for judgment of acquittal. Fed.R.Crim.P. 29(c).

On February 14, 1994, the jury convicted King with crimes of engaging in a continuing criminal enterprise (Count I), murder in furtherance of a continuing criminal enterprise (Count II), murder in the aid of a racketeering enterprise (Count III), maintaining a drug house (Counts IV and VI), drug distribution within 1000 feet of a school (Count V), employment of a juvenile to sell drugs (Counts VII, VIII, IX), distribution of drugs to a minor (Counts X, XI, XII, XIII), possession of crack cocaine with intent to distribute (Counts XIV, XV, XVI, XVII) and distribution of cocaine base (XVIII).

King now argues that he should be acquitted on Count III (murder in aid of a racketeering enterprise). Specifically, King maintains that an "enterprise" under 18 U.S.C. § 1959 must have "an existence separate and apart from the racketeering activity in which it is engaged." (language from Defendant's proposed jury instruction which the Count refused). King's position is based on language from *United States v. Anderson*, 626 F.2d 1358 (8th Cir.1980), *cert. denied*, 450 U.S. 912, 101 S.Ct. 1351, 67 L.Ed.2d 336 (1981), which was adopted by the Seventh Circuit in *United States v. Neapolitan*, 791 F.2d 489 (7th Cir.), *cert. denied*, 479 U.S. 939, 107 S.Ct. 421, 93 L.Ed.2d 371, 479 U.S. 940, 107 S.Ct. 422, 93 L.Ed.2d 372 (1986) and *National Organization for Women v. Scheidler*, 968 F.2d 612 (7th Cir.1992) (a RICO enterprise requires an economic purpose).

However, *Scheidler* was just overruled by a unanimous Supreme Court in *National Organization for Women v. Scheidler*, —— U.S. ——, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994). Accordingly, the question before the Court is whether *Scheidler* reversed the requirement in *Neapolitan* that an "enterprise" have a purpose apart from the commission of the predicate acts constituting a "pattern of racketeering activity."

■ As the Court noted at the jury instruction conference in this case, in discussing the term "enterprise" for purposes of 18 U.S.C. § 1959, the word is given the same meaning as an "enterprise" in the RICO statute (18 U.S.C. § 1961(4)). *United States v. Concepcion*, 983 F.2d 369, 380 (2d Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 163, 126 L.Ed.2d 124 (1993).[1] Consequently, the Court will analyze § 1959 in view of the precedent existing for § 1961 (the RICO statute).

■ In *United States v. Turkette*, 452 U.S. 576, 580–81, 101 S.Ct. 2524, 2527–28, 69 L.Ed.2d 246 (1981), the Supreme Court apparently decided that a RICO enterprise need not have a legitimate basis for its existence apart from the racketeering activity in which it engages:

> There is no restriction upon the associations embraced by the [RICO] definition: an enterprise includes any union or group of individuals associated in fact. On its face, the definition appears to include both legitimate and illegitimate enterprises within its scope; it no more excludes criminal enterprises than it does legitimate ones. Had Congress not intended to reach criminal associations, it could easily have narrowed the sweep of the definition by inserting a single word, "legitimate." But it did nothing to indicate that an enterprise

---

1. 18 U.S.C. § 1959 was enacted in 1988 to complement the RICO statute in 18 U.S.C. § 1962. The definitions of "enterprise" in both §§ 1959 and 1962 are almost identical.

Section 1959(b)(2) states that:

"enterprise" includes any partnership, corporation, association, or other legal entity, and *any* union or group of individuals associated in fact although not a legal entity, which is engaged in, or the activities which affect, interstate or foreign commerce.

The RICO statute, 18 U.S.C. § 1961(4), states: "enterprise" includes any individual, partnership, corporation, association, or other legal entity, and *any* union or group of individuals associated in fact although not a legal entity.

Other than the inclusion of the word "individual" in the RICO definition, and the inclusion of. the commerce requirement in the § 1959 definition, the two definitions are identical.

**752**

consisting of a group of individuals was not covered by RICO if the purpose of the enterprise was exclusively criminal....

That a wholly criminal enterprise comes within the ambit of the statute does not mean that a "pattern of racketeering activity" is an "enterprise". In order to secure a conviction under RICO, the Government must prove both the existence of an "enterprise" and the connected "pattern of racketeering activity." That enterprise is an entity, for present purposes *a group of persons associated together for a common purpose of engaging in a course of conduct.* The pattern of racketeering activity is, on the other hand, a series of criminal acts as defined by the statute. 18 U.S.C. § 1961(1) (1976 ed., Supp. III) (footnote omitted). The former is proved by evidence of an ongoing organization, *formal or informal,* and by evidence that the various associates function as a continuing unit. The latter is proved by evidence of the requisite number of acts of racketeering committed by the participants in the enterprise. While *the proof used to establish these separate elements may in particular cases coalesce,* proof of one does not necessarily establish the other. The "enterprise" is not the "pattern of racketeering activity;" it is an entity separate and apart from the pattern of activity in which it engages. The existence of an enterprise at all times remains a separate element which must be proven by the Government.

*Id.* at 583, 101 S.Ct. at 2528 (emphasis ours).

In *Neapolitan,* 791 F.2d at 500, the court analyzed *Turkette* and found that a RICO enterprise "must be more than a group of people who get together to commit a 'pattern of racketeering activity....'" *Neapolitan* then quoted the Second Circuit's language in *Anderson,* 626 F.2d at 1372, which defined an "enterprise" as "only an association having an ascertainable structure which exists for the purpose of maintaining operations directed toward an economic goal that has an existence that can be defined apart from the commission of the predicate acts constituting the 'pattern of racketeering activity.'" *Id.* at 500.

In *National Organization for Women v. Scheidler,* 968 F.2d 612 (7th Cir.1992), the question before the Court was whether the RICO statute could be applied to a coalition of anti-abortion groups which were engaged in racketeering activities, but were not organized for an independent economic purpose. *Scheidler* followed the analysis set out in *Anderson* and *Neapolitan:* "*Anderson* and *Neapolitan* provide the framework for determining whether an informal association is an enterprise...." *Id.* at 626–27. Specifically, *Scheidler* found that an "enterprise" for purposes of the RICO statute must have an economic goal independent of the pattern of racketeering activity in which it engaged—in short, the "enterprise" must have an "economic goal." *Id.* at 626 (citing *Neapolitan,* 791 F.2d at 500; *Anderson,* 626 F.2d at 1372).

Accordingly, King contends that the Court erred by not including a jury instruction which stated that in order to maintain an "enterprise" under 18 U.S.C. § 1959, the Government must prove the existence of an enterprise "separate and apart from the racketeering activity in which it engaged."

The Court does not agree.

*Scheidler* was unanimously reversed by *National Organization for Women v. Scheidler,* —— U.S. ——, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994). In *Scheidler,* the Court quoted the language in 18 U.S.C. § 1961(4) which defined the term "enterprise" as including "any" union or group of individuals associated in fact. By emphasizing the term "any," the Court emphasized the language in *Turkette* that an enterprise need not have any economic motive to constitute a RICO "enterprise" under 18 U.S.C. § 1961(4).

The fact that *Scheidler* is dispositive on the issue currently before the Court was further elucidated in the Supreme Court's analysis of Second Circuit precedent. Prior to *Scheidler,* the Second Circuit held that a RICO enterprise need not have an economic purpose independent of the criminal objectives of the racketeering activity. *See United States v. Mazzei,* 700 F.2d 85, 87–90 (2d Cir.), *cert. denied,* 461 U.S. 945, 103 S.Ct. 2124, 77 L.Ed.2d 1304 (1983). However, in *United*

States v. Ivic, 700 F.2d 51 (2d Cir.1983), the court found that some economic purpose was required, even if wholly illegal. As a result, *Ivic* found that a Croatian terrorist group with no economic purpose was not a RICO enterprise. *Cf. United States v. Bagaric*, 706 F.2d 42 (2d Cir.), *cert. denied*, 464 U.S. 840, 104 S.Ct. 133, 78 L.Ed.2d 128 (1983) (different Croatian terrorist group did qualify as a RICO enterprise because it used extortion to raise funds to support activities). In *Scheidler*, the Court stated that the Second Circuit's broader reading of an "enterprise" in those terrorist cases was too narrow. In other words, the Second Circuit should not have required a criminal economic purpose as a prerequisite for a § 1961(4) "enterprise."

The Court finds that *Scheidler* is dispositive in this case. If an anti-abortion group with no economic purpose qualifies as an "enterprise" under the RICO statute, it is logical that an enterprise existing only for the economic purpose of profiting from illegal drug transactions qualifies as an "enterprise." *See also United States v. Perholtz*, 842 F.2d 343, 363 (D.C.Cir.1988); *United States v. Mazzei*, 700 F.2d 85, 87–90 (2d Cir.), *cert. denied*, 461 U.S. 945, 103 S.Ct. 2124, 77 L.Ed.2d 1304 (1983). Accordingly, the Court correctly rejected the King's proposed jury instruction in this case.

*Ergo*, Defendant's motion for judgment of acquittal is DENIED.